NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0232n.06

No. 21-3912

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| HIPOLITO GARCIA ZAPATA, | ) | |
| | ) | **FILED** |
| Petitioner, | ) | Jun 09, 2022 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON PETITION FOR REVIEW OF |
| MERRICK B. GARLAND, Attorney General, | ) | AN ORDER OF THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| Respondent. | ) | |
| | ) | OPINION |

Before: BOGGS, MOORE, and GRIFFIN, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Hipolito Garcia Zapata petitions this court to review the decision of the Board of Immigration Appeals ("BIA") denying his application for cancellation of removal. For the reasons that follow, we **DENY** the petition for review.

## I. BACKGROUND

Garcia Zapata is a native and citizen of Mexico. Administrative Record (A.R.) at 592 (Notice to Appear at 1). He has lived in the United States since July 1, 2002. A.R. at 539 (Appl. for Cancellation of Removal at 1). Garcia Zapata has two children who are United States citizens: Eric, who was born on December 13, 2013, and Pablo, who was born on April 21, 2015. A.R. at 526–27 (Birth Certificates). Garcia Zapata also has three adult children who live in Mexico. A.R. at 137 (Tr. at 29). Garcia Zapata lives with Eric, Pablo, and their mother, with whom Garcia Zapata has been in a long-term relationship. A.R. at 139 (Tr. at 31). Garcia Zapata is the sole

income earner in the family and earns approximately $400 each week. A.R. at 139–40 (Tr. at 31–32). If removed, he would bring his family with him to Mexico. A.R. at 146 (Tr. at 38).

On October 17, 2013, the Department of Homeland Security issued a Notice to Appear, charging Garcia Zapata as a removable alien. A.R. at 592 (Notice to Appear at 1). Garcia Zapata admitted the allegations and charge. A.R. at 106 (Tr. at 1). Garcia Zapata sought cancellation of removal and, in the alternative, voluntary departure. A.R. at 121 (Tr. at 13). On November 27, 2018, the Immigration Judge (IJ) held a merits hearing on Garcia Zapata's cancellation of removal claim. A.R. at 119–97 (Tr.).

The IJ denied the application for cancellation of removal, finding that Garcia Zapata's children would not experience exceptional and extremely unusual hardship as a result of his removal. A.R. at 82–83 (IJ Order at 11–12). Although Garcia Zapata will "have diminished [economic] opportunity" in Mexico, the IJ found that "there is insufficient evidence to conclude that [he] would be rendered jobless." A.R. at 80 (IJ Order at 9). The IJ emphasized that Garcia Zapata "is highly educated," "has three adult children in Mexico and thus a support system," and "apparently has access to or actually owns a home in Mexico even though he indicates it 'practically' belongs to his adult children, at this point." *Id.* Although Eric and Pablo will have fewer educational opportunities, "there is nothing in this record to suggest that these children would be deprived of all schooling." A.R. at 81 (IJ Order at 10). Finally, although Garcia Zapata would return to "a place of high crime," he would not return to "a lawless place by any means." A.R. at 82 (IJ Order at 11). Ultimately, the IJ explained that "although the hardship presented here is readily apparent," "the hardship here is, unfortunately, a common one and the hardships [Garcia

Zapata] has outlined are simply not substantially different from those normally to be expected upon removal to a less developed country." *Id.*

Garcia Zapata appealed the IJ's order to the Board of Immigration Appeals (BIA). The BIA affirmed, agreeing that "[w]hile [Garcia Zapata's] sons may experience a lower standard of living and the quality of their education may be diminished in Mexico, that hardship would not be substantially different from that which would normally be expected as a result of removal." A.R. at 3 (BIA Order at 1). Garcia Zapata filed a timely petition for review in this court.

## II. CANCELLATION OF REMOVAL

"[W]e review the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). We review the IJ's decision to the extent that the BIA adopted its reasoning. *Id.* We review legal questions de novo but defer to the BIA's interpretation of ambiguous statutory provisions. *Ruiz-Del-Cid v. Holder*, 765 F.3d 635, 639 (6th Cir. 2014). "We afford less deference to constructions promulgated in the BIA's nonprecedential single-member decisions," but these decisions are "still entitled to respect." *Id.* While we have jurisdiction to review the hardship conclusion, we "cannot review any of the factual findings underlying it." *Singh v. Rosen*, 984 F.3d 1142, 1154 (6th Cir. 2021) (applying *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062 (2020)).

To meet the standard for cancellation of removal, a person must show: (A) that they have been "physically present in the United States for a continuous period of not less than 10 years"; (B) that they have been "a person of good moral character during such period"; (C) that they have not been convicted of an enumerated offense; and (D) that "removal would result in exceptional

3

and extremely unusual hardship" to a spouse, parent, or child who is a United States citizen or a lawful permanent resident. 8 U.S.C. § 1229b(b)(1).

The only disputed issue in this case relates to whether Garcia Zapata's removal "would result in exceptional and extremely unusual hardship" to his two young children, who are United States citizens. *Id.* § 1229b(b)(1)(D). The BIA's standard requires Garcia Zapata to "provide evidence of harm to his spouse, parent, or child *substantially* beyond that which ordinarily would be expected to result" from a person's removal. *Araujo-Padilla v. Garland*, 854 F. App'x 646, 649 (6th Cir. 2021) (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 59 (B.I.A. 2001)). The board must consider "all of the circumstances, including the 'ages, health, and circumstances' of qualifying relatives." *Singh*, 984 F.3d at 1154 (quoting *Monreal-Aguinaga*, 23 I. & N. Dec. at 63).

First, Garcia Zapata argues that the BIA and IJ committed legal error by considering the hardship factors individually, instead of in the aggregate. *See In re Recinas*, 23 I. & N. Dec. 467, 472 (B.I.A. 2002). But both the BIA and the IJ did consider the hardship in the aggregate. *See* A.R. at 3 (BIA Order at 1); A.R. at 82–83 (IJ Order at 11–12).

Next, Garcia Zapata argues that his removal would result in exceptional and extremely unusual hardship to Eric and Pablo. The IJ found that Garcia Zapata's bachelor's degree in civil engineering, work experience, and support system place him "in a better position than most" when looking for a job. A.R. at 79–80 (IJ Order at 8–9). It found that, although the children's opportunities would be diminished, they would not be "deprived of all schooling" and do not "need any type of specialized schooling or have any difficulties in school." A.R. at 80–81 (IJ Order at 9–10). The IJ found that, although the family would move perhaps to "a place of high crime," the place "is not . . . lawless." A.R. at 82 (IJ Order at 11). In light of these factual findings, we cannot

say that Garcia Zapata's removal will impose a hardship "*substantially* beyond that which ordinarily would be expected to result" from a person's removal. *Araujo-Padilla*, 854 F. App'x at 649. As a result, we will not set aside the BIA's decision that Garcia Zapata is ineligible for cancellation of removal.

### III. CONCLUSION

For the foregoing reasons we **DENY** the petition for review.